# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ERIC ALAN BANKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CRIMINAL NO. 17-0025-WS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This matter comes before the Court on petitioner Eric Alan Banks' *pro se* filing styled "2255 Motion to Correct" (doc. 33).

Banks entered a plea of guilty to one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). A defendant convicted of that offense shall "be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A)(i). At the sentencing hearing conducted on July 27, 2017, this Court imposed a sentence of 48 months' imprisonment. As explained in the Judgment, this 48-month sentence "is an adjustment pursuant to U.S.S.G. Section 5G1.3, not a departure or variance, to give the defendant credit for time served in case CC 17-363," which is a related state-court proceeding in the Circuit Court of Mobile County, Alabama. (Doc. 30, at 2.)[1]

In his current Motion, Banks requests relief from his sentence because his counsel at sentencing failed to "argue that there should have been an additional 54 days credit … that is the good time credit … because that year was served outside BOP custody." (Doc. 33, at 2.) Banks is correct that, pursuant to 18 U.S.C. § 3624(b)(1), a prisoner may receive credit toward the service of his or her sentence of up to 54 days at the end of each year of the term of

---

[1] Information in the court file reflects that Banks was arrested and detained in state custody from July 25, 2015 through August 8, 2016, and was rearrested for the same offense on March 5, 2017. (*See* doc. 26 & doc. 31, at § I.B.4.a.) He was detained in federal custody on the instant charges from March 15, 2017, through the date of sentencing. (*See* docs. 5, 8, 17.)

imprisonment, if the Bureau of Prisons determines that the prisoner has displayed exemplary compliance with institutional disciplinary regulations. However, no federal good-time credit under § 3624(b)(1) is available for time served outside federal custody.[2] Banks admits that the one-year period for which he seeks good-time credit was not served in federal custody; therefore, he is ineligible for the good-time credit he seeks.

Furthermore, the law is clear that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences … as a result of the offense for which the sentence was imposed … that has not been credited against another sentence." 18 U.S.C. § 3585(b)(1). This section "only authorizes the Bureau of Prisons ('BOP') to give credit for time an inmate has spent in official detention. State GTC is not time spent in official detention …." *Pizzichiello v. Director Federal BOP*, 193 Fed.Appx. 907, 908 (11th Cir. Aug. 18, 2016). In other words, the only proper credit under § 3585 is for time "spent in official detention." Banks' sentence adjustment of one year properly credits him for time spent in official detention; however, he is not entitled to an additional 54 days' credit for good time. Simply put, those 54 days cannot constitute time spent in official detention for § 3585 purposes because Banks never served that time at all.

Finally, in adjusting Banks' sentence downward from 60 months to 48 months to give him credit for time served on the state charges, this Court applied U.S.S.G. § 5G1.3. That section provides that, in certain circumstances, "the court shall adjust the sentence ***for any term of imprisonment already served*** … if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." U.S.S.G. § 5G1.3(b)(1) (emphasis added). The term of imprisonment already served by Banks was one year, so that was the corresponding adjustment made at sentencing. The additional 54 days that Banks seeks was not a "term of imprisonment already served;" rather, he is requesting federal credit for 54 days that he never served in state custody or anywhere else. Such a request plainly falls outside the parameters of the adjustment authorized by § 5G1.3(b)(1).

---

[2] *See, e.g., Lopez v. Terrell*, 654 F.3d 176, 190 (2nd Cir. 2011) ("we are persuaded by the BOP's interpretation of 18 U.S.C. § 3624(b), which limits the award of GCT to the term of imprisonment constituting a defendant's federal sentence as defined under 18 U.S.C. § 3585"); *Schleining v. Thomas*, 642 F.3d 1242, 1249 (9th Cir. 2011) ("a prisoner can receive GCT credit under 18 U.S.C. § 3624(b) only on time he has served on his federal sentence").

The bottom line is straightforward: Banks contends that his lawyer should have asked this Court to give him an additional 54 days' credit at sentencing for good time. Nothing in any applicable provision entitled Banks to such a credit; to the contrary, the wording of the relevant statutes and sentencing guideline would appear on its face to preclude any such adjustment. Accordingly, it was not ineffective assistance for Banks' counsel to fail to make that meritless request at sentencing. Likewise, it was entirely proper for this Court not to adjust Banks' sentence downward to account for 54 days of good-time credit for which Banks was not eligible. There being no error in the manner in which Banks' sentence was computed and imposed, his Motion to Correct cannot succeed.

Also in his Motion, Banks asks this Court to make a recommendation to the Bureau of Prisons that he be allowed to spend 12 months in a Residential Reentry Center. The Court declines to make such a recommendation because the undersigned cannot make any determination at this time as to whether a halfway house placement would be appropriate or beneficial for Banks to serve the final year of his sentence. The Court will defer to the BOP's determination of whether placement in a halfway house is appropriate for Banks, provided that the BOP fulfills its obligations pursuant to 18 U.S.C. § 3621(b).

For all of the foregoing reasons, Banks' filing styled "2255 Motion to Correct" (doc. 33) is **denied**.

DONE and ORDERED this 24th day of May, 2018.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE